Department. June 25, 1907.) Action by Sarah Evers against the state of New York. No opinion. Judgment unanimously affirmed, without costs.

FARMER, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. June 12, 1907.) Action by Florence Farmer, as, etc., against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment affirmed, with costs. See 101 N. Y. Supp. 1120.

SPRING and KRUSE, JJ., dissent.

FEDERAL BREWING CO., Appellant, v. ENNIS, Respondent, et al. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by the Federal Brewing Company against James J. Ennis, impleaded. No opinion. Motion denied, with costs, and stay vacated. .

FELDMAN, Respondent. v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Action by Chaim Feldman against the Nassau Electric Railroad Company.

PER CURIAM. Judgment of the Municipal Court reversed, on the ground that it is against the weight of evidence, and new trial ordered; costs to abide the event.

RICH, J., taking no part.

In re FINCH'S WILL. (Supreme Court, Appellate Division, Third Department. June 25, 1907.) In the matter of the probate of the last will and testament of Charlotte E. Finch, deceased. No opinion. Decree unanimously affirmed, with costs.

FINE, Appellant, v. WHITEHALL REALTY CO., Respondent. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Action by Jacob J. Fine against the Whitehall Realty Company.

PER CURIAM. Judgment and order affirmed, with costs.

RICH, J., dissents.

FIRST NAT. BANK OF ROCK SPRINGS, WYO., Appellant, v. RICE, Respondent, et al. (Supreme Court, Appellate Division, Third Department. June 25, 1907.) Action by the First National Bank of Rock Springs, Wyo., against Jerome B. Rice, impleaded. No opinion. Judgment and order unanimously affirmed, with costs.

FLAHERTY, Appellant, v. BERGEN, Respondent. (Supreme Court, Appellate Division, Second Department. July 9, 1907.) Action by William H. Flaherty against Tunis G. Bergen. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

FLEISCHER, Respondent, v. HOCHMAN, Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Morris Fleischer against Michael Hochman. No opinion. Judgment of the Municipal Court affirmed, with costs.

FOLEY, Respondent, v. ROSENQUIST, Appellant. (Supreme Court, Appellate Division, Second Department. July 9, 1907.) Action by James Foley, an infant, by John T. Foley, his guardian ad litem, against Benjamin I. Rosenquist. No opinion. Order of the City Court of Yonkers unanimously affirmed by default, with costs.

FOLMSBEE et al., Respondents, v. ALLEN, Appellant. (Supreme Court, Appellate Division, Third Department. June 25, 1907.) Application of Hartley Folmsbee and another against William D. Allen, as receiver, etc. No opinion. Order unanimously affirmed, with $10 costs and disbursements.

FORD, v. ADAMS DRY GOODS CO. (Supreme Court, Appellate Division, Second Department. July 23, 1907.) Appeal from Special Term, Kings County. Action by Michael J. Ford against the Adams Dry Goods Company. From a judgment for plaintiff, defendant appeals. Affirmed. Frederick E. Fishel, for appellant. Emanuel Van Dernoot, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

GAYNOR, J. (dissenting). The plaintiff was employed as electrician in the defendant's department store. He had to go all about the store and building and care for the arc lights and electric wires and fixtures. He had no other duties. From the engine room in the basement a platform lift ran up to the street level where flap doors opened. This lift was used to carry the ashes up from the engine room and to carry down the litter from the store floors to be burned in the engine fires. It was also used to bring down material used in the engine room. It was not the duty of the plaintiff to do any of these things, but in the performance of his work he had to go to the engine room daily. There were five employés in the engine room, including the engineer. The plaintiff was taking himself up by this lift in order to go out to lunch when it tipped over and hurt him. The chain seems to have fouled on the pulley wheel overhead, the flange of which was broken and notchy, causing a link to part. The plaintiff alone was on the lift, and operating it by pulling the chain. The operation was so simple that any one could do it. There was much dispute on the trial whether a notice was posted up by the lift that it was not for passenger use. But such a notice was not necessary. It was plainly not for passengers. No sign could have made the fact plainer to the plaintiff or any one else. And he knew it was for the uses stated above. He swore to it himself. His only justification for using it to go in and out of the building to come to and leave work, which he